UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                               |   |                          |
|---|---|---|
| LUIS R. QUIONONES,            | : | CASE NO. 4:20-cv-01067   |
| Petitioner,                   | : | OPINION & ORDER          |
|                               | : | [Resolving Doc. 5]       |
| vs.                           | : |                          |
| WARDEN MARK K. WILLIAMS,      | : |                          |
| Respondent.                   | : |                          |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

*Pro se* Petitioner Luis R. Quionones moves the Court to reconsider its order dismissing without prejudice Petitioner's emergency habeas corpus petition for failure to exhaust administrative remedies.[1]

For the following reasons, the Court **DENIES** Petitioner's motion for reconsideration.

I.  Background

Petitioner brought an emergency habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking release to home confinement due to the COVID-19 outbreak at FCI Elkton where Petitioner is incarcerated.[2] The Court dismissed Petitioner's action because Petitioner admitted that he had failed to exhaust his administrative remedies.[3] Petitioner now asks the Court to reconsider its order, arguing the Court should waive the administrative exhaustion requirement.[4]

---

[1] Doc. 5.
[2] Doc. 3.
[3] Doc. 3 at 2.
[4] Doc. 5.

Case No. 4:20-cv-01067
GWIN, J.

## II. Discussion

Generally, "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241."[5] But "the habeas exhaustion requirement is not without exception."[6]

The Supreme Court "has recognized at least three broad sets of circumstances" that can excuse exhaustion: (1) when exhaustion would cause undue prejudice to a prisoner's subsequent suit because of an "unreasonable or indefinite timeframe for administrative action" or "irreparable harm", (2) when the administrative remedy would be "inadequate" or the agency cannot provide the requested relief, and (3) "where the administrative body is shown to be biased or has otherwise predetermined the issue before it."[7]

In this case, none of the above circumstances apply.

First, the Court previously held that Petitioner "may seek to reopen this case for reconsideration upon a showing that he has sought the relief he seeks here from the Respondent and that relief was denied, or Respondent failed to respond to Quionones'[s] request for relief within thirty (30) days."[8] "Thirty days hardly rises to the level of 'an unreasonable or indefinite timeframe.'"[9] Moreover, Petitioner has not shown why the "irreparable harm" exception is appropriate when every inmate must wait for the Bureau of Prisons to evaluate their eligibility for home confinement because of COVID-19.[10]

---

[5] *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231. (6th Cir. 2006).
[6] *Id.* at 236.
[7] *McCarthy v. Madigan*, 503 U.S. 140, 146--48 (1992), *superseded by statute*, 42 U.S.C. § 1997e(a).
[8] Doc. 3.
[9] *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (quoting *McCarthy*, 503 U.S. at 147.
[10] *See id.* at 835 (discussing the inappropriateness of the "irreparable harm" exception in the context of the compassionate release statue, 28 U.S.C. § 3582(c)(1)(A)).

Case No. 4:20-cv-01067
GWIN, J.

Second, assuming Petitioner is eligible, there is no question that the Bureau of Prisons has the authority to place Quionones in home confinement.[11]

Finally, Petitioner provides no evidence to suggest the Bureau of Prisons is biased against him or has predetermined his request for home confinement.[12]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's motion for reconsideration of the Court's order dismissing Quionones's emergency habeas corpus petition.

IT IS SO ORDERED.

Dated: September 28, 2020    *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[11] 18 U.S.C. § 3624(c)(2); Coronavirus Aid, Relief, and Economic Security Act, PL 116-136 March 27, 2020, 134 Stat. 281.

[12] *See Alam*, 960 F.3d at 835 (explaining that waiting for the Bureau of Prisons to consider prisoners' eligibility for compassionate release is not necessarily futile and "serves important purposes.").

- 3 -